FILED

MAR 22 2007

CLERK
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>TROY URIE,<br><br>   Defendant. | Case No.: CR-06-000196 RMW<br><br>**ORDER RE AMENDMENT TO PRETRIAL RELEASE ORDER** |

    The matter concerning the modification of bail for Troy Urie came on calendar February 14, 2007.

    The original bail was set for Mr. Urie October 20, 2006. At that time Mr. Urie was before the U.S. District Court in the Northern District of California for a criminal matter charged by way of indictment. The six count indictment which also contains a forfeiture allegation charges Mr. Urie with violations of 18 U.S.C. section 371 (Conspiracy); 18 U.S.C. sections 1343 and 2 (Wire fraud and aiding and abetting); 18 U.S.C. section 1341 (Mail fraud and aiding and abetting); 18 U.S.C. sections 981(a)(1)(c) and 28 U.S.C. section 2461(c).

    Mr. Urie also has a pending federal criminal case in the Eastern District of California and an immigration matter in the immigration courts.

    On October 20, 2006, this court set bail in the Northern District case without vigorous disagreement from the United States. That bail anticipated his mother posting property and

accepting custodianship of her son. At that time this court was aware that the E.D.CA case was in a semi limbo status since the defendant's conviction there had been reversed by the Ninth Circuit Court of Appeals and not yet remanded to the trial court for new trial. There are also pending immigration issues.

Mr. Urie had been released on bail in the Eastern District case until the Judge remanded him midtrial. This remand was apparently not for failure to appear issues.

Mr. Urie is now before this court for the modification and determination of pretrial release issues in the above captioned N.D.CA case.

This court originally set bail at $57,000 to be secured by equity in his mother's home. His mother also agreed to be his custodian. Many of the usual conditions were set concerning travel, reporting, passport surrender and coordination with the E.D. of California when the mandate arrive back there from the circuit.

As everything was about to be finalized the immigration authorities made it know that they had placed an immigration hold on the defendant. This seemed to be a surprise to all the parties and this detainer complicated the release process.

As it turned out the immigration issues were not, as of that time, insurmountable since the defendant did have the right to post bail in that proceeding. It was represented to the court that the bail for the immigration matter was set at $9,000.00 and the family was ready, willing and able to post that bond. The family engaged an immigration attorney and the defendant went into immigration custody but the bond was not posted/ accepted when tendered for reasons not understood by the parties herein. Nonetheless the defendant is now back in the Northern District of California for another attempt at pretrial release on the above captioned case.

In open court February 14, 2007 this court revisited the pretrial release order and conditions imposed October 20, 2006 releasing the defendant. Some of those conditions have now been reinstated and some were modified in open court as reflected in a revised "Conditions of Release and Supervision" form, Docket # 31 and the recording of the proceedings.

The purpose of this ORDER is not to change those conditions but to reiterate the terms of that release order so as to avoid confusion in this difficult setting.

IT IS HEREBY ORDERED that Troy Urie is RELEASED pursuant to the annotated "Conditions of Release and Appearance" form, docket # 31 in the above captioned case. Victoria Obijuru (the defendant's mother) has agreed to act as the surety for $57,000 unsecured.

The first three mandatory conditions concerning court appearances, the absence of crime while on release and the mandates of 18 U.S.C. sections 1503, 1510, 1512, and 1513 are reimposed and acknowledged by the defendant and his mother, Victoria Obijuru.

The following conditions are imposed, and also acknowledged by the defendant and his mother:

The defendant's travel is limited to the Northern District of California (defined county by county) ~~and to San Joaquin County so that he can visit his mother in Stockton~~. It is recognized that this travel may need to be expanded with a modified order if and when the E.D. of California reinstates its case.

The defendant shall report to Pretrial Services in the N.D. of California, San Jose, CA office and/ or as otherwise directed as soon as he is released.

The defendant is to surrender his passport(s) and visas to the court. It is understood that the District Court in the Eastern District of California currently has his passport.

The previously imposed custodian order requiring the defendant's mother to act as his custodian is deleted.

The defendant shall not change his residence without prior approval of Pretrial Services.

The defendant must reside in a Halfway House in San Francisco or Oakland. The defendant shall seek permission of Pretrial Services to leave the house for any reason.

The defendant shall work with PTS re housing if in trial in Sacramento.

Date: 3-22-07

Patricia V. Trumbull
United State Magistrate Judge