***E-FILED - 5/5/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR-06-00196-MW |
| Plaintiff, | ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 |
| vs. | |
| TROY URIE, | |
| Defendant. | |

Defendant Troy Urie moves to set aside his conviction on the basis that he was denied effective assistance of counsel.  Specifically, Urie contends that his counsel failed to investigate documentary evidence that discredited the testimony and records offered by the government purportedly showing Urie's cell phone usage on August 29, 2003, the date of the heist from Agilent. He claims that accurate records show approximately one-half as many calls between him and his alleged co-conspirators compared to the erroneous evidence presented at trial.  He criticizes his counsel for failing to properly investigate the allegedly accurate records she obtained approximately two months before trial and for failing to get them into evidence.

A defendant claiming ineffective assistance of counsel must make a two-prong showing demonstrating that (1) counsel's actions were "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by his counsel's actions.  *Strickland v.*

1  *Washington*, 466 U.S. 668, 687-90 (1980).  To establish prejudice, the defendant must show that
2  there is a reasonable probability that, but for counsel's professional errors, the result of the
3  proceedings would have been different.  *Id.*

4        The court examines issue (2) first because it is dispositive.  A court need not determine
5  whether counsel's performance was deficient before examining the prejudice suffered by the
6  defendant as the result of the alleged deficiencies.  *See Strickland*, 466 U.S. at 697; *Williams v.*
7  *Calderon*, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995).  Even if Urie is correct that accurate records
8  would have shown fifty percent fewer calls, those "accurate" records would still have shown a
9  suspiciously large number of calls among the alleged co-conspirators.  Consideration of the
10 "accurate" records would not have shown a reasonable probability that, but for counsel's alleged
11 ineffective performance, the result of the trial would have been different.  The court, therefore,
12 dismisses the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

13       Defendant also asks that if the court is not willing to grant his motion, that he be appointed
14 counsel and that an evidentiary hearing be held.  Whether to hold an evidentiary hearing is
15 discretionary.  *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).  Here, since the
16 evidence Urie contends should have been admitted would not have suggested innocence, nothing
17 would be gained by holding an evidentiary hearing.  Since no hearing is necessary, Urie is not
18 entitled to counsel.  *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings.

19       Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the court to issue or
20 deny a certificate of appealability when it enters a final order adverse to the applicant.  The court
21 hereby denies a certificate of appealability.  Urie has not made a substantial showing of the denial of
22 a constitutional right.  *See* 28 U.S.C. § 2253 (c)(2).

24     DATED:  May 5, 2011

                                                           RONALD M. WHYTE
                                                           United States District Judge